

_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TONYA A. DODSON | : | Case No. 13-23323PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| CHARLES R. DUCKETT, JR. | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| TONYA A. DODSON | : | |
| NANCY SPENCER GRIGSBY, Trustee | : | |
| Respondents | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION
### AND
### ORDER DENYING MOTION
### OBJECTING TO DISCHARGEABILITY OF A DEBT

This case came before the court on the Motion of Charles R. Duckett, Jr. ("Duckett"), objecting to the dischargeability of a debt. While the objection should have been filed in the form of an adversary proceeding, the court will address the merits of the dispute in order to save time and expense of the parties. Duckett charges in paragraph 10 of the motion:

> 10. A discharge under 11 U.S.C. § 1328(f) does not discharge an individual from any debts which are in the nature of a domestic support obligation under 11 U.S.C. § 523(a)(5), and debts which result from a marital property settlement award in a domestic matter under 11 U.S.C. § 523(a)(15) are non-dischargeable.

However, as pointed out in the course of the hearing, in a Chapter 13 case such as this, marital awards under §523(a)(15) are discharged should the Debtor complete all payments under a plan. A Chapter 13 discharge does not discharge a debt under §523(a)(5), that is, a debt that is a domestic support obligation. The term "domestic support obligation" is a defined term under the Bankruptcy Code. Section 101(14A) provides:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
>
> (A) owed to or recoverable by--
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
>
> (i) a separation agreement, divorce decree, or property settlement agreement;
>
> (ii) an order of a court of record; or
>
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

The $25,000.00 claim arose as a result of a judgment of absolute divorce entered between the parties in the Circuit Court for Prince George's County, Maryland, in CAD07-28225. It is not a domestic support obligation. The state court Order provided in pertinent part:

> 4) The Plaintiff will pay to the Defendant, for his interest in the home, the sum of ($25,000.00) Twenty-Five Thousand Dollars in accordance with the payment

schedule below:

    a) $10,000.00 within sixty (60) days
    b) $10,000.00 on or before September 1, 2009
    c) $5,000.00 on or before September 1, 2010

All said payments above, or any remaining amount or payment, owed to the Defendant will become due and paid to Defendant upon the sale of the home.

Nothing in the Order leads this court to the conclusion that it was provided in the nature of alimony, maintenance or support for the spouse. It appears purely to be a property division of the nature that would be nondischargeable in a case under chapter 7 pursuant to §523(a)(15) that provides:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

    (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

Thus, were the Debtor to convert this case to a case under Chapter 7 or were he to seek and receive a hardship discharge under §1328(b), the debt would not be dischargeable. However, inasmuch as the case is now under Chapter 13, it is a dischargeable property settlement if the Debtor completes all plan payments. *See generally, Steele v. Heard*, 487 B.R. 302, 308-309 (S.D. Ala. 2013).

At the end of the argument, counsel for the Debtor argued that the award was meant in the form of support. The court finds nothing in the record to support this proposition, the debt clearly being a payment over time to the moving party for his interest in the family residence. The Motion will be denied.

**SO ORDERED.**

cc:
Anthony Hayes Davis II, Esq., 4301 Garden City Drive, Suite 300, Landover, MD 20785
Frank Morris II, Esq., 8201 Corporate Drive, Landover, MD 20785
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Charles R. Duckett Jr., 7868 Manet Way, Severn, MD 21144

**End of Memorandum and Order**